IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES DARRELL GEMAS, 354268, )
    Petitioner, )
)
    v. ) 2:10-cv-1123
)
JACK R. HENEKS, et al., )
    Respondents. )

Memorandum Opinion and Order

Mitchell, M.J.

    James Darrell Gemas has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Gemas is presently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan serving a sixteen to forty year sentence imposed following his conviction, by a jury, of involuntary deviate sexual intercourse with a child and indecent assault on a person less than thirteen years of age. This sentence was imposed on March 7, 2007.[1]

    An appeal was taken to the Superior Court in which the sole issue presented was:

I. Whether the Commonwealth failed to prove every element of involuntary deviate sexual intercourse beyond a reasonable doubt in that the Commonwealth did not provide corroboration in the form of physical evidence?[2]

On November 9, 2007, the judgment of sentence was affirmed and relief was not sought in the Pennsylvania Supreme Court.[3]

---

[1] See: Petition at ¶¶ 1-6.

[2] See: Exhibit 6 to Answer of the Commonwealth

[3] See: Petition at ¶ 9 and Docket of the Superior Court at 668 WDA 2007.

1

A post-conviction petition was filed on May 28, 2008 in the Court of Common Pleas and following a hearing on October 10, 2008, relief was denied on January 12, 2009.[4] An appeal was taken to the Superior Court in which the questions presented were:

> 1. Was trial counsel ineffective for failing to object to the admission of drawings allegedly made by the victim and submitted as Exhibits 1 through 4?
>
> 2. Was trial counsel ineffective for failing to file a post sentence motion which included a weight of the evidence claim and a motion to modify sentence as requested by the appellant?
>
> 3. Was trial counsel ineffective for advising the appellant that his maximum sentence on the charge was twenty (20) and not forty years?
>
> 4. Was trial counsel ineffective for failing to call the witness James Gibson who would have confirmed the appellant's alibi defense?[5]

On October 7, 2009, the judgment of sentence was affirmed.[6]

A petition for leave to appeal to the Pennsylvania Supreme Court was filed in which these same issues were raised and on April 21, 2010, leave to appeal was denied.[7]

In the instant petition, executed on August 23, 2010, Gemas contents he is entitled to relief on the following grounds:

> 1. Trial counsel was ineffective for failing to object to the admission of 4 drawings allegedly made by the victim and submitted as Exhibits 1 thru 4.
>
> 2. Trial counsel was ineffective for failing to file any post-sentence motion on the behalf of the defendant as requested to include a weight of the evidence claim and to modify the sentence.
>
> 3. Trial counsel was ineffective for failing to call witnesses, in particular James Gibson, who could have confirmed the defendant alibi defense.

---

[4] See: Petition at ¶ 11, Docket Sheet of the Court of Common Pleas of Fayette County, CP-26-CR-1175-2006 and Exhibits 9 and 11 to the Answer of the Commonwealth.

[5] See: Exhibit 19 to the answer of the Commonwealth.

[6] See: Exhibit 14 to the answer of the Commonwealth.

[7] See: Exhibits 15 and 16 to the answer of the Commonwealth.

4. Trial counsel was ineffective by advising this defendant that the maximum sentence he can receive on the charges was twenty (20) years and not forty (40) years.[8]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1)

---
[8] See: Petition at ¶12.

"was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...

A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

In the instant case, it is apparent that the petitioner has raised the issues he seeks to raise here in both the Superior Court and the Pennsylvania Supreme Court and for this reason, he has exhausted the available state court remedies.

The background to this prosecution is set forth in the May 14, 2007 Opinion of the trial court:

> At trial, the Commonwealth presented the testimony of K.O., the step-daughter of the Appellant and the victim of the Appellant's crimes… Prior to moving to Pittsburgh in August of 2006, K.O. resided with her mother, two brothers, and the Appellant at 609 Fifth Street, Filbert, Pennsylvania… While living in Filbert, K.O. testified that on approximately ten occasions the Appellant came into her bedroom in the middle of the night and made her perform oral sex on him… Accordingly to K.O., the Appellant would come into her room, shake her awake, put his penis in her mouth and make her suck it "like a bottle." … The Appellant would also touch the outside of her vagina with his hands and he would ejaculate into her mouth… The most recent of these bedroom incidents occurred in, or

about, March of 2006, at which time the Appellant [sic. Clearly should be the victim] was eight years of age…

K.O. further testified that the same sexual activity that occurred in her bedroom occurred approximately ten times at Dunlap Creek Park inside the Appellant's black minivan, and once behind a truck trailer in front of a closed trucking company in the Appellant's blue car… At trial, K.O. stated that the incidents at the park and the trucking company occurred when she was approximately eight (8) years of age.[9]

The four issues which the petitioner raises here concern the alleged ineffective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

The first basis for relief urged by the petitioner is that counsel was ineffective for failing to object to the admission of 4 drawings allegedly made by the victim and submitted as Exhibits 1 thru 4. Specifically, the petitioner contends that at trial the victim did not authenticate the drawings; that testimony was presented regarding the drawings by Dr. Higginbotham who was not present when the drawings were created and that

---

[9] See: Exhibit 2 to the answer at pp.2-3.

Trooper Monkelis testified that he had observed the victim making the drawings. Thus, he is challenge is to the authenticity of the drawings.

At the trial, Dr. Higginbotham who is pediatric trauma physician testified that the victim had provided the drawings of "my dad's private parts" during the forensic interview which was conducted by hospital staff.[10]

At the trial Trooper James Monkelis was called as a prosecution witness. He testified that he was at the hospital with the victim when the forensic interview occurred; that he was in the adjoining room and able to observe the entire interview through a one-way mirror; that he observed the victim mark the drawings of her father, and that the drawings accurately reflect his observations of the victim authoring them.[11]

At the post-conviction hearing Michael Garofalo who was trial counsel testified that he saw no basis for objecting to the drawings since they were relevant and probative; that the victim had not identified her drawings; that no one was actually in the room with the victim when she created the drawings; that the drawings were part of the records of the police officer and the doctor and that the trooper testified that he observed the victim making the drawings.[12]

Thus, because the drawings were authenticated, there was no basis for counsel to raise an objection; his performance was not below any objective standard of reasonableness and his performance cannot be found constitutionally deficient for failing to raise a meaningless objection.

The petitioner next contends that counsel's performance was constitutionally deficient for failing to file a post-sentencing motion raising both the sufficiency of the evidence and a request for modification of sentence as requested by the petitioner.[13] In reviewing this matter, the Superior Court wrote:

---

[10] See: December 6-7, 2006 trial transcript at pp.96-99 (Exhibit 1 to the answer).

[11] Id. at pp. 147-150, 158-159.

[12] See: Transcript of the post-conviction hearing held on October 10, 2008 at pp.33-49 (Exhibit 8 to the answer).

[13] The Superior Court, in affirming the denial of post-conviction relief observed that "appellant could not produce any copies" of his requests to counsel to file post-sentence motions. (Exhibit14 at p.6).

In determining whether counsel's basis was reasonable, "our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest." … The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record… Although we must weigh the alternatives, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.[14]

In a similar manner, strategic decisions of counsel will not be second guessed in a collateral proceeding. Rolan v. Vaughn, supra.

At the post-conviction hearing, trial counsel testified that he considered his likelihood of success greater by raising these issues in a direct appeal rather than in post-sentence motions.[15] Thus, counsel's reasonable determination cannot be deemed to have been constitutionally deficient and provides no basis for relief here.

The third issue which the petitioner raises here is that counsel was ineffective for failing to call James Gibson to testify as an alibi witness. As summarized by the Superior Court,

> The criminal information indicates that the incident occurred at some time between November 10, 2005 and June 10, 2006… Mr. Gibson testified [at the post-conviction hearing] that he picked Appellant up at the bus station in November 2005 after he had been released from jail… Appellant was unemployed, and he lived with Mr. Gibson from November 23, 2005 until sometime in January 2006… From January 2006 until March 2006, Appellant was no longer a resident of Mr. Gibson's home but he did stay there occasionally… Mr. Gibson indicated that he very seldom saw Appellant during the time that he was residing in his home… The testimony of Mr. Gibson does not place Appellant at the relevant time, between November 10, 2005 and June 10, 2006, in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party.[16]

As the Superior Court observed, even if Gibson had testified, there was nothing in his vague testimony which would have demonstrated that the petitioner could not have committed the charged offenses. Additionally, at the post-conviction hearing, trial

---

[14] See: Exhibit 14 at p.6.

[15] Id. at p.39.

[16] Id. at pp.8-9.

counsel testified that he was not made aware of any alibi and there was no basis for seeking to raise an alibi defense.[17] Because counsel's determination was reasonable he cannot be said to have performed in an ineffective manner.

Finally, the petitioner contends he is entitled to relief on the grounds that counsel had informed him that the maximum sentence that could be imposed was twenty years when in fact it was forty years.

At the post-conviction hearing, trial counsel testified that the prosecutor had proposed two plea agreements, the first of which would have provided for a five to ten year sentence which the petitioner rejected, and subsequently the prosecutor offered a seven and a half to fifteen year sentence which the petitioner also rejected.[18] The Superior Court concurred in the post-conviction court's rejection of the petitioner's allegation that he had not been informed of the possible maximum sentence as incredulous especially in light of the testimony of trial counsel.[19]

We first note, that the petitioner was charged with Involuntary Deviate Sexual Intercourse with a Child, 18 Pa.C.S.A. 3123(a)(6) subsequently incorporated into 18 Pa.C.S.A. 3123(b) and Indecent Assault, Child Less than Thirteen Years of Age, 18 Pa.C.S.A. 3126(a)(7).[20] The former is classified as a felony of the first degree and carries a possible sentence of up to forty years, 18 Pa.C.S.A. 2123(d), and the latter is classified as a first degree misdemeanor with a possible maximum sentence of five years, 18 Pa.C.S.A. 1104. The sentencing court imposed a sixteen to twenty year sentence on the felony count with no further penalty for the misdemeanor conviction. Since, the sentence imposed comported with state law, it is not subject to review here. <u>Cummings v. Burge</u>, 581 F.Supp.2d 436 (W.D.N.Y.2008). Thus, this claim is likewise without merit and the factual findings of the state court, i.e. that the petitioner was aware of the possible maximum sentence, is entitled to a presumption of correctness here. 28 U.S.C.

---

[17] Id. at p.43.

[18] Id. at p.35.

[19] Id. at p.7.

[20] See: Exhibit 2 to the answer at p.1.

2254(e)(1). No contrary showing having been made, this allegation cannot support a claim of ineffective assistance of counsel.

Because the allegations raised by the petitioner demonstrate that his conviction was not secured in violation of clearly established federal law or involved an unreasonable application of Supreme Court case law, his petition here is subject to dismissal. In addition, because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 9th day of November, 2010, for the reasons set forth in the foregoing Memorandum,

IT IS ORDERED that the petition of James Darrell Gemas for a writ of habeas corpus is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell<br>
United States Magistrate Judge